UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

STEVEN EBERLINE on behalf of himself
and all other similarly situated employees                                    PLAINTIFF

VERSUS                                                 CASE NO. 1:13-cv-00100-LG-JMR

MEDIA NET LLC, JOHN ATEEQ,
and MYKHAYLO KALYN                                                        DEFENDANTS

MEMORANDUM IN SUPPORT OF
DEFENDANTS' SEPARATE MOTION TO DISMISS

COMES NOW the Defendants and files this their Memorandum in Support of

Defendants' Separate Motion to Dismiss as follows:

FACTS

On March 28, 2013, Plaintiff filed his complaint in this court and a subsequent

Amended Complaint on April 3, 2013 claiming that the Defendants have violated the Fair

Labor Standards Act (FLDA) and that the Defendants were non-exempt employees.  As

non-exempt employees, Plaintiff claims that he was denied certain rights and benefits

accorded him under the FLSA.

The Plaintiff and other individuals were hired by Media Net LLC (Company) to

provide DirecTV installation services, on a non-exclusive basis, as independent contractors,

and not as an employee, pursuant to certain specifications.  (See Exhibit "A" p.1)  "Such

installation Services and the Fees to be paid to Contractor for same include those specified

in the Schedule of Installation Service."  (Exhibit "A" p. 2 & Exhibit "B") The Defendant

Company disclaimed any control over the Plaintiff's installation business except to the

limited extent necessary to insure compliance with certain installation requirements.

(Exhibit "A" p. 4)  Plaintiff was allowed to contract with the customer for custom labor, such as mounting a television.  (Exhibit "A" p. 9 ¶ A-9)

The Plaintiff was required to inform the Company the days on which he was willing to work on a 30-day rolling forecast.  (Exhibit "A" p. 4)  The Company used the schedule provided by the Plaintiff to assign the Plaintiff customers.  The Plaintiff was given a time frame in which to provided the installation services.  (Exhibit "A" p. 4)

The Plaintiff was required to maintain insurance for liability, workers compensation and automobile.  (Exhibit "A" p. 4)  The Plaintiff was required to warrant his work and to hold the Company harmless and indemnify it against suit.  (Exhibit "A" p. 6)  Plaintiff was required to provide his own tools, supplies and vehicle.  The Company would provide the equipment to be installed.

Plaintiff claims that he was an employee and was not provided the pay and benefits due him under FLSA.  Defendants contend that the Plaintiff set his own schedule and was an independent contractor.

<u>LAW</u>

The court must determine whether the Plaintiff is an employee of the Company or an independent contractor/subcontractor.  A relevant question is whether the Plaintiff so economically depends upon the business to which he renders his services, such that the individual, as a matter of economic reality, is not in business for himself.  *See Carrell v. Sundland Constr., Inc.*, 998 F.2d 330, 332 (5th Cir. 1993).  The contractual language designating the worker as an independent contractor is not necessarily controlling.  *See Hopkins v. Cornerstone Am.*, 545 F.3d 338, 346 (5th Cir.2008).  Instead, the courts generally review five, non-exclusive factors:  (a) the permanency of the relationship;  (b)

2

the degree of control exercised by the alleged employer;  (c) the skill and initiative required to preform the job;  (d) the extent of the relative investments of the worker and the alleged employer;   and (e) the degree to which the worker's opportunity for profit and loss is determined by the alleged employer.  *Id.* at 332-33.  These factors are merely aids to analysis and no single factor is determinative.  *Id.* at 332.

## PERMANENCY OF THE RELATIONSHIP

The contact clearly states that the agreement between the parties is on a per job basis and non-exclusive.  The job is permanent so long as DirecTV has new customers.  The Plaintiff was free to accept custom work with the customer.  His income in not limited by the actions of the Defendants.

## DEGREE OF CONTROL

The Company disclaimed any control over the Plaintiff.  No one supervises the Plaintiff's work.  However, quality assurance inspects a sampling of the work done to insure that the Plaintiff follows the specifications required of him.

The Plaintiff determined what time he performed the work so long as it was within the appointment window arranged by DirecTV.  Plaintiff also determined the days that he worked.  Therefore, the company had no control over the day to day work of the Plaintiff.

## SKILL AND INITIATIVE

The Plaintiff was required to have the specialized skill necessary to install the equipment provided him.  DirecTV provided the necessary training for the Plaintiff and others to possess this specialized skill to install DirecTV receivers that conformed to the standards required of DirecTV.

3

As far as initiative, the Plaintiff's success depended upon the number of days he was willing to work.  Plaintiff was required to provide the Company a schedule of his availability, which was telling the Company what days the Plaintiff was willing to work.  Therefore, the Plaintiff determined what days he worked and how much.

<u>RELATIVE INVESTMENTS</u>

The fourth element for analysis is the extent of the relative investments of the worker and the alleged employer for each job.  The Plaintiff provided his own truck, his tools, supplies, meals, liability insurance, workers comprehensive insurance, and automobile insurance.  The Company supplied the DirecTV equipment that was to be installed and the locations for the installation.  The Company just delivered the equipment owned by DirecTV to the Plaintiff and notified him of a time frame during which an appointment with the customer was scheduled.

The Company never purchased said equipment.  DirecTV supplied the names, addresses and appointment times for the customers to the Company.  The Company then assigned those customers to the Plaintiff and other subcontractors.  The Company had little invested in the venture.

<u>WORKER'S OPPORTUNITY FOR PROFIT</u>

The court should examine the degree to which the worker's opportunity for profit and loss was determined by the alleged employer.  The Plaintiff was paid on a per installation basis.  The more installations the Plaintiff performed, the more money the Plaintiff made.  The Plaintiff determined the days that he would work and notified the Company.  There is nothing in the agreement that requires the Plaintiff to work on any given day or any particular hour during those days.

4

DirecTV scheduled installations for three (3) four-hour time periods, 8:00 a.m. to 12:00 p.m.; 12:00 p.m. to 4:00 p.m. and 4:00 p.m. to 8:00 p.m., depending upon the customer's preference.  The Plaintiff was required to perform the installation sometime during the four hour period.  The Plaintiff determined when he arrived at the customer's home.  The Company exerted no control over the Plaintiff's coming and going other than to specify the time period for installation.  The aforesaid schedule allows the Plaintiff plenty of opportunity for a second job or to do whatever else he wanted to do.

The amount of time spent on the job was determined by the Plaintiff and to a degree the complexity of the installation.  If the Plaintiff worked swiftly and skillfully, he could complete the installation in less than an hour and was paid Seventy Dollars ($70.00)[1] for the single installation.  If the Plaintiff took his time, was lazy or ran into a problem, the installation may take him two hours or more.  Plaintiff was paid the same Seventy Dollars ($70.00) for a single installation.  The charge for each additional outlet was Fifteen Dollars ($15.00) each.

The Plaintiff did have to warrant his work.  So, if he failed to abide by the specifications required of him or did not use the care and skill required of him, Plaintiff was not paid until the installation was satisfactory.  Plaintiff has not complained of this.

Plaintiff was also allowed to contract with the customer for custom labor work not included in the installation. For example, the most common custom labor work that the Plaintiff might do would be mounting a television on a wall.  Mounting a television on the wall is not part of the installation of DirecTV.  The Plaintiff was free to make a custom labor

---

[1]Installers are paid $70.00 for a single installation and more for additional covered work.  See Exhibit "B" Schedule of Installation.

agreement with the customer for mounting the television for probably One-hundred dollars ($100.00).  The Company got no share of this money.  All the money went into the Plaintiff's pocket.  The Company only required the Plaintiff to insure the customer was satisfied.  Therefore, the Plaintiff was the person most responsible for the amount of money he made and an independent contractor.

<u>INDIVIDUAL DEFENDANTS</u>

In the alternative, this court should dismiss the individual Defendants, JOHN ATEEQ and MYKHAYLO KALYN.  The contact was between the Plaintiff and the Company, MEDIA NET LLC.  The Plaintiff seeks to pierce the corporate veil and offers nothing in his pleading to imply that the Company was not a valid entity, separate and apart from the individual Defendants.

"[T]he corporate entity will not be disregarded . . . unless the complaining party can demonstrate: (1) some frustration of expectations regarding the party to whom he looked for performance; (2) the flagrant disregard of corporate formalities by the defendant corporation and its principals; and (3) a demonstration of fraud or other equivalent misfeasance on the part of the corporate shareholder."  *Penn Nat'l Gaming, Inc. v. Ratliff*, 954 So. 2d 427, 431 (Miss. 2007).

The federal court for the Northern District of Mississippi has held, applying Mississippi law, there is a "quandry [sic] [between] a liberal construction of the plaintiff's pleadings in a motion to dismiss, and the strict requirement of unusual circumstances to pierce the corporate veil." *N. Am. Plastics, Inc. v. Inland Shoe Mfg. Co., Inc.*, 592 F. Supp. 875, 879 (N.D. Miss. 1984).  The federal court determined that, "absent a sufficient allegation of particularized facts, judicial economy requires that the corporate veil should

6

not be preliminarily pierced for long-arm jurisdiction on the mere unsubstantiated allegations in the pleadings." *Inland Shoe*, 592 F. Supp. at 879.  "In order to make a prima facie case of jurisdiction, the plaintiff must make sufficiently particularized allegations demonstrating the applicability of the piercing doctrine to the facts of the case." *Id*.

This Mississippi Supreme Court adopted the *Inland Shoe* standard of review. The Court requires the "plaintiffs to support their particularized allegations by demonstrating facts to satisfy the requirements as set forth in *Ratliff* before allowing the corporate veil to be pierced. That is, a plaintiff's complaint alleging a piercing of the corporate veil will survive a Rule 12(b)(2) motion to dismiss only when the complaint sets forth factual allegations indicating: (1) some frustration of expectations regarding the party to whom he looked for performance; (2) the flagrant disregard of corporate formalities by the defendant corporation and its principals; and (3) a demonstration of fraud or other equivalent misfeasance on the part of the corporate shareholder. *See Ratliff*, 954 So. 2d at 431." *Canadian Nat'l Ry Co. v. Kathleen K. Waltman*, 94 So.3d 1111, 1116 (Miss. 2012).  Plaintiff has failed to plead a sufficient allegation of particularized facts against the two individual Defendants.  Therefore, this complaint against JOHN ATEEQ and MYKHAYLO KALYN should be dismissed.

<u>CONCLUSION</u>

By the very nature of the agreement, the Plaintiff is an independent contractor.  The Plaintiff tells the Company what days he wishes to work.  The Plaintiff decides what time he shows up for work.  The Plaintiff must supply his own tools, insurance, vehicle and supplies.  The Company provides a customer on a date and time the Plaintiff is willing to work and the DirecTV equipment to be installed.  The amount of profit the Plaintiff makes

is nearly entirely up to him.  Therefore, the court should dismiss this case because the relationship between the parties was that of a contractor and independent contractor and not of an employer and employee.

If this court chooses not to dismiss this case in the entirety, it should dismiss the complaint against the individual Defendants, JOHN ATEEQ and MYKHAYLO KALYN.  The complaint against these individual Defendants is devoid of any pleading of a sufficient allegation of particularized facts against the two individual Defendants.  Therefore, this court should dismiss this actions against the individual Defendants.

RESPECTFULLY SUBMITTED this the 2nd day of May, 2013.

> MEDIA NET LLC,
> MUHAMMAD ATEEQ
> and MYKHAYLO KALYN
>
> /s/W. W. Dreher, Jr.
> WILLIAM W. DREHER, JR.

8

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned William W. Dreher, Jr., hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

Louis H. Watson, Jr., Esq. louis@watsonnorris.com
William B. Ryan, Esq. billy@donatilawfirm.com
Robert Nicholas Norris, Esq.  nick@watsonnorris.com, nicknorris@gmail.com

SO CERTIFIED this the 2nd day of May, 2013.


/s/W. W. Dreher, Jr.
WILLIAM W. DREHER, JR.

William W. Dreher, Jr.
Dreher Law Firm PA
P.O. Box 968
2224-24th Avenue
Gulfport, Mississippi 39502
Tel. 228-822-2222
Fax 228-822-2626
MSB# 10117
wwdlaw@bellsouth.net