IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

STEVEN EBERLINE, on behalf of himself
and all other similarly situated employees                              PLAINTIFF

v.                                                    CAUSE NO. 1:13CV100-LG-JMR

MEDIA NET LLC, JOHN ATEEQ,
and MYKHAYLO KALYN                                                      DEFENDANTS

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

**BEFORE THE COURT** is the Motion to Dismiss [10] filed by the defendants Media Net LLC, John Ateeq, and Mykhaylo Kalyn in this lawsuit filed pursuant to the Fair Labor Standards Act.  The defendants argue that the plaintiff Steven Eberline's contract with the defendants contradicts his assertion that he was an employee, not an independent contractor.  In the alternative, the defendants argue that Eberline's claims against the individual defendants John Ateeq and Mykhaylo Kalyn should be dismissed, because Eberline is improperly attempting to pierce the corporate veil.  Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion to Dismiss should be denied.

## FACTS

In his First Amended Complaint, Eberline asserts that he was employed by the defendants from about June 2010 to March 2011 as a satellite television installer and/or technician.  The defendant Media Net LLC is a limited liability company that supplies technical and installation services to DirecTV, a satellite television service provider.  Eberline claims that Ateeq and Kalyn are owners and managing operators of Media Net.

Eberline alleges that the defendants intentionally misclassified him as an independent contractor in an effort to avoid paying him overtime. He also alleges that the defendants failed to accurately record and/or preserve records of hours worked by the plaintiff and other employees.

The defendants have filed the present Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Eberline has filed a separate Motion for Class Certification [12], and another Media Net employee, Chester McCoy, has filed a Notice reflecting that he consents to join this action as a plaintiff.

## DISCUSSION

In order to survive a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). In *Twombly*, the Court held that "heightened fact pleading of specifics" is not required, but "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 570. However, a court should not accept conclusory allegations, unwarranted factual inferences, and legal conclusions

as true. *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010). "When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment." *Burns v. Harris Cnty. Bail Bond Bd.*, 139 F.3d 513, 517 (5th Cir. 1998).

In support of their Motion to Dismiss, the defendants submitted an unsigned and undated installer's agreement as well as a payment schedule. In support of their reply, the defendants submitted an installer's agreement and addendum that were signed by Chester McCoy but not Media Net. The only document produced that pertains to Eberline is an addendum to installer's agreement that he signed. The defendants claim that these documents contradict the allegations made in Eberline's First Amended Complaint.

The Court finds that these documents should be excluded from consideration, because these documents were not attached to or referenced in Eberline's Complaint.[1] Furthermore, the Court finds that agreements that were not signed by Eberline are irrelevant to his claims, in the absence of an affidavit or other testimony reflecting that he signed an agreement containing those terms. Finally, it should be noted that the Fifth Circuit has previously held that a person was an

---

[1] The defendants argue that Eberline should have mentioned the installer's agreement in his First Amended Complaint, and that this lawsuit should be considered a breach of contract action rather than a Fair Labor Standards Act case. However, this Court cannot require a plaintiff to assert certain claims or allegations in his complaint, as long as he has complied with the Federal Rules of Civil Procedure.

employee pursuant to the Fair Labor Standards Act, even where the employee had signed a contract stating that he was an independent contractor. *Robicheaux v. Radcliff Material, Inc.*, 697 F.2d 662, 667 (5th Cir. 1983); *see also Usery v. Pilgrim Equip. Co.*, 527 F.2d 1308, 1315 (5th Cir. 1976) ("Neither contractual recitations nor subjective intent can mandate the outcome in these cases."). As a result, the defendants' argument that the terms of the installer agreement warrant dismissal of this lawsuit is without merit.

This Court must next consider the individual defendants' argument that Eberline is improperly attempting to pierce the corporate veil. Eberline correctly notes that the Fair Labor Standards Act governs who can be joined as a defendant in this case. The Fifth Circuit has held that courts must apply an economic reality test in order to determine whether an individual or entity is an "employer" that can be held liable under the Fair Labor Standards Act. *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 251 (5th Cir. 2012). Pursuant to the economic reality test, a court must question whether the individual or entity "(1) possessed the power to hire and fire employees; (2) supervised or controlled employee work schedules or conditions of employment; (3) determined the rate or method of payment; and (4) maintained employee records." *Id.* In his First Amended Complaint, Eberline alleges that the individual defendants were owners and managing operators who were responsible for the alleged intentional misclassification of Eberline. As a result, the Court finds that there are sufficient

allegations concerning the individual defendants to state a claim against them pursuant to the Fair Labor Standards Act.

## CONCLUSION

For the foregoing reasons, the Court finds that the defendants' Motion to Dismiss is denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Dismiss [10] filed by the defendants Media Net LLC, John Ateeq, and Mykhaylo Kalyn is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 10th day of July, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE