IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

STEVEN EBERLINE, on behalf of himself
and all other similarly situated employees,                           PLAINTIFF

v.                                                  CAUSE NO. 1:13-CV-100-LG-JMR

MEDIA NET LLC, MUHAMMAD
ATEEQ, and MYKHAYLO KALYN                                            DEFENDANTS

**MEMORANDUM OPINION AND ORDER
GRANTING CLASS CERTIFICATION**

This cause is before the Court on the Plaintiff's Motion [12] for an order to permit court supervised opt-in notice to potential plaintiffs and class certification under § 16(b) of the Fair Labor Standard Act ("FLSA"). 29 U.S.C. § 216(b). This case involves compensation policies for independent contractors who work for Media Net LLC, a supplier of technical/installation services to DirecTV. Workers at Media Net claim that they are denied over-time pay in compliance with the FLSA. 29 U.S.C. § 201. The aggrieved employee seeks to bring a collective action against their employer. Applying the Fifth Circuit's "fairly lenient" standard, the Plaintiffs have shown that there are additional aggrieved individuals who are similarly situated and desire to opt-in to the lawsuit. Therefore, the motion to permit court-supervised opt-in notice should be granted and the class conditionally certified for the purposes of discovery.

## FACTUAL BACKGROUND

Plaintiff, along with opt-in Plaintiff Chester McCoy, claim to have worked over forty hours a week for Media Net and not received over-time pay.  As installers/technicians, they were paid on a fixed "piece-rate" basis.  Plaintiff claims to have worked an average of sixty to seventy hours per week.  According to Plaintiff, Media Net has in place a policy to classify the installers/technicians as independent contractors in order to avoid overtime compensation.  Plaintiff alleges that Media Net knew, or had reason to know, that Plaintiff and other similarly situated individuals should have been classified as "employees" and paid overtime for hours worked over forty (40) per week. The aggrieved workers seek to become party plaintiffs and represent a class of similarly situated employees under the FLSA.  Media Net opposes the motion, arguing that Plaintiff has failed to meet the modest factual showing burden that he and potential opt-in plaintiffs were "similarly situated" victims of a common policy or plan that violated the FLSA,

## STANDARD OF REVIEW

The Fair Labor Standards Act requires covered employers to compensate nonexempt employees at overtime rates when they work in excess of the statutorily defined maximum number of hours. 29 U.S.C. § 207(a).  If they are unlawfully denied overtime, section 16(b) of the FLSA permits an employee to bring suit against an employer "for and in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b).  Plaintiffs who desire to join in a "collective action" must "opt-in" to the case and to be bound by a judgment, unlike plaintiffs in a

Rule 23 class action who must essentially "opt-out." *Badgett v. Tex. Taco Cabana, L.P.*, 2006 WL 2934265 at *1 (S.D. Tex. Oct. 12, 2006). District courts have discretion in determining whether to order court-supervised notice to prospective plaintiffs. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

The *Lusardi*[1] method is recognized as "the favored approach by courts in the Fifth Circuit." *Kaluom v. Stolt Offshore, Inc.*, 474 F. Supp. 2d 866, 871 (S.D. Tex. 2007) (citing *England v. New Century Fin. Corp.,* 370 F. Supp. 2d 504, 509 (M.D. La. 2005)). The approach was first applied by the Fifth Circuit in *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995), *rev'd in part on other grounds*, *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).

Under the *Lusardi* method, the court "makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members." *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995). The court makes this determination using "a fairly lenient standard" because of the "minimal evidence" available at that stage. *Id.* at 1214. Plaintiffs can achieve notice with "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Id.* (citations omitted). If the court decides to conditionally certify the class, putative class members are given notice and an opportunity to opt-in to the litigation. *Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F. Supp. 2d 793, 798 (E.D. La. 2007).

---

[1]*Lusardi v. Xerox Corp.,* 975 F.2d 964 (3rd Cir.1992).

A class of plaintiffs can be conditionally certified for notice despite some level of heterogeneity. The positions compared "need not be identical, but similar" with respect to their "job requirements and with regard to their pay provisions." *Aguilar v. Complete Landsculpture, Inc.*, CIV.A.3:04 CV 0776 D, 2004 WL 2293842 (N.D. Tex. Oct. 7, 2004). A court can authorize certification if it finds "some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particularly alleged policy or practice." *Salinas-Rodriguez v. Alpha Services, L.L.C.*, CIV.A.3:05CV440/WHB-, 2005 WL 3557178 at *3 (S.D. Miss. Dec. 27, 2005) (citing *Villataro v. Kim Son Rest., L.P.*, 286 F. Supp. 2d 807, 810 (S.D. Tex. 2003). However, a court should "deny plaintiffs' right to proceed collectively if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice." *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005).

## APPLICATION AND ANALYSIS

Because the Workers have moved for court-supervised opt-in notice, this Court analyzes the motion under the "fairly lenient standard" identified in *Mooney*. At this stage, a plaintiff must make a minimal showing that "(1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt in to the lawsuit." *Prater v. Commerce Equities Mgmt. Co., Inc.*, CIV.A. H-07-2349, 2007 WL 4146714 at *3 (S.D. Tex. Nov. 19, 2007). The lenient standard requires at least a "modest factual showing sufficient to demonstrate that [he or

she] and potential plaintiffs together were victims of a common policy or plan that violated the law." *Simmons v. T-Mobile USA, Inc.*, CIV A H-06-1820, 2007 WL 210008 at *4 (S.D. Tex. Jan 24, 2007).

Based on the documents currently submitted, the Court finds that the Plaintiffs have met the fairly lenient standard for court-supervised notice identified in *Mooney*. The Plaintiff and Opt-In Plaintiff are employees at a single company who have alleged unlawful compensation practices uniformly practiced within their workplace. Their principal allegation, that Defendants failed to pay Plaintiff, and his fellow satellite television installer/technicians, time and one half their regular rates of pay for hours worked over forty (40) hours in a week, is supported by two declarations by Named Plaintiff and Opt-in Plaintiff, Chester McCoy, demonstrating the Defendants' violation of the FLSA. (See Exhibits B & C attached to Plaintiff's motion). As such, there is reasonable basis for this Court to conclude that other employees injured by these policies exist, and that they are similarly situated to the Plaintiffs. Because all that is required at the certification stage is a modest factual showing that Plaintiff and potential opt-in plaintiffs were the victims of a single decision, policy, or plan, conditional certification should be granted. *See Gatewood v. Koch Foods of Miss., LLC*, 569 F. Supp. 2d 687 (S.D. Miss. 2008)(noting that the court applied a fairly lenient standard applied at conditional certification stage).

## **CONCLUSION**

The fairly lenient standard approved in *Mooney* permits the district court wide discretion in determining that a class is similarly situated for conditional certification through discovery.

The failure to pay time and one half for work over forty (40) hours in one week, allegedly applied to all independent contractors, forms a common injury that was similarly suffered by the Plaintiff and proposed opt-in Plaintiff.  The evidence submitted forms a factual basis for this Court to believe that workers who suffered similar injuries under the same circumstances exist and wish to join the instant lawsuit.  Moreover, the resolution of this principal issue in dispute, as framed in the context of a single company, promotes judicial efficiency for the Court and the parties effected.

If further discovery reveals significant dissimilarities between the independent contractors, or that the independent contractors suffered from sporadic occurrences that were purely personal to individual plaintiffs, then the Defendant can move to decertify the class, and "the opt in plaintiffs are dismissed without prejudice. The class representatives-i.e. the original plaintiffs-proceed to trial on their individual claims...." *See Mooney,* 54 F.3d at 1213-14 (internal citations and quotations omitted).

**IT IS THEREFORE, ORDERED AND ADJUDGED** that the motion to certify a collective class [12] is **GRANTED**, and that a **collective class is conditionally certified**, consisting of all installers/technicians who worked for or are working for Defendants and were paid piece rate and not paid overtime within the three years prior to the Complaint being filed.

**IT IS FURTHER ORDERED AND ADJUDGED** that the motion to strike [29] is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant shall provide to Plaintiffs' counsel a list of the names and last known addresses (in electronic form) of all installers/technicians who worked for or are working for

Defendants and were paid piece rate and not paid overtime within the three years prior to the Complaint being filed, within 30 days of the date this order is entered. All Plaintiffs must opt-in by filing their consent forms with this court no later than 120 days from the date of Defendant's production of the above information.

**IT IS FURTHER ORDERED AND ADJUDGED** that the parties shall submit a mutually agreeable notice on or before **November 4, 2013.** If the parties cannot agree, they should submit their separate proposals for the Court's consideration.

**SO ORDERED AND ADJUDGED** this the 24th day of October, 2013.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE